UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JAMES KENDRICK,

    Plaintiff,

v.                                                           Case No. 8:11-cv-2402-T-30EAJ
RICK SCOTT, GOVERNOR,
STATE OF FLORIDA,

    Defendant.
_____/

## **O R D E R**

The Court has for its consideration the *pro se* prisoner Plaintiff Kendrick's civil rights complaint filed against Defendant pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claim is in the nature of habeas corpus. Plaintiff previously has filed two 28 U.S.C. § 2254 petitions for writ of habeas corpus in this Court: 8:97-cv-2624-T-23MAP; 8:03-cv-969-T-27EAJ.

Plaintiff names as Defendant the Governor of the State of Florida, Rick Scott.

## **DISCUSSION**

In 1995, Plaintiff was convicted and sentenced for the crimes of attempted sexual battery, kidnaping, obstructing an officer, and robbery by the Circuit Court, Hillsborough

County, Florida (*see* case no. 8:97-cv-2624-T-23MAP (M.D. Fla.), Dkt. 39). Plaintiff was sentenced as a habitual violent felony offender to life imprisonment (Id).

In his present complaint, Plaintiff alleges that he was sentenced to life imprisonment under Section 775.084, Fla. Stat. as a habitual violent felony offender, "even though his sentencing guidelines only carried seven and a half years (7 ½ ) minimum to twelve years (12) maximum in prison." (Dkt. 1 at 8). Plaintiff seeks injunctive and declaratory relief. He wants this Court to enter judgment declaring that Section 775.084 violates his Sixth and Fourteenth Amendment rights.

As stated above, Plaintiff's claim is in the nature of habeas corpus. He is clearly challenging the duration of his sentence. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or *the duration of his sentence*.") (emphasis added) (citation omitted). Here, were the Court to make a determination in Plaintiff's favor, it would call into question the validity of his sentence of life imprisonment as a habitual violent felony offender. Therefore, the claim must be raised in a petition for writ of habeas corpus. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

2

This Court has previously denied habeas corpus relief, and the United States Court of Appeals for the Eleventh Circuit denied Plaintiff's motion for a certificate of appealability (*see* case no. 8:97-cv-2624-T-23MAP, Dkt. 49). Plaintiff cannot now raise habeas corpus claims challenging his sentence in a 42 U.S.C. § 1983 civil rights complaint.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint is dismissed.

2. The **Clerk** is directed to terminate all pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*